Pursuant to an Order by the Full Commission, this matter came on for hearing before the undersigned in Raleigh, North Carolina, on September 29, 1994, after which time the parties were allowed 14 days to submit additional evidence either by stipulation or deposition. At the request of both parties, an additional 30 days was allowed by order of October 14, 1994, and the parties' submission of stipulations was received on November 16, 1994, at which time the record in the matter was closed.
Accordingly, the undersigned accept as STIPULATED the following documents:
1. Defendants' Exhibit No. 4, a medical note by Dr. Richard D. Adelman showing treatment dates of 10-19-87, 10-21-87, and 10-26-87;
2. Facsimile letter dated 10-16-94, from plaintiff's attorney Vaughan S. Winborne, Jr. to Dr. Richard Adelman with handwritten responses by Dr. Adelman;
3. Progress Notes of Dr. Richard Adelman (3 pages) showing treatment of Buford Vieregge on 10-19-87, 10-21-87, 10-26-87, 11-04-87, 06-01-88, 06-08-88, 06-15-88, and 06-27-88.
4. Memorandum dated October 3, 1994, from the State of North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan stating that the Kaiser Permanente contracted to offer health benefits to State employees.
5. Enrollment Application dated August 18, 1987, signed by Buford D. Vieregge, Jr., electing medical coverage under Kaiser Permanente effective October 1, 1987.
At the hearing before the Full Commission on September 29, 1994, the parties stipulated, and the undersigned accordingly find as fact and conclude as matters of law the following:
STIPULATIONS
1. The employer/employee relationship existed on April 25, 1985.
2. On April 25, 1985, plaintiff suffered a compensable injury by accident arising out of and in the course of his employment.
3. Some medical bills were paid.
4. No temporary total disability or permanent partial disability was paid.
5. The Forms 28B and 33 in the Commission's file (Comm. Exh. Nos. 6 and 8) are true and accurate.
6. If the jurisdictional issue is decided in favor of plaintiff and settled, the parties will produce the medical bills and medical records necessary for further conclusion of this matter.
7. The narrow issue of the Court of Appeals is the G.S. 97-24
jurisdictional problem, and if plaintiff gets past the jurisdictional problem, then a determination can be made as to what plaintiff is due.
* * * * * * * * * * * * * * *
The undersigned have reviewed the record as a whole and, accordingly, based upon the competent and convincing evidence, make the following:
FINDINGS OF FACT
1. On April 25, 1985, plaintiff suffered an injury by accident arising out of and in the course on his employment with defendant-employer. He was working as a maintenance mechanic on an electric motor starter when the starter exploded. Plaintiff was blown into the air about 20 feet and landed on the back of his head. He sustained burns on his left hand and body and singed hair on his face, arms, and head. He was treated until May 31, 1985, by Dr. W.L. Beason. Defendant-employer filed a Form 19, dated April 26, 1985, which was received by the Industrial Commission on July 25, 1985. Plaintiff claims that he went to Kaiser Permanente upon first being injured. However, a review of enrollment records do not bear this claim out. Plaintiff was enrolled in Kaiser Permanente by application received August 25, 1987 and effective as of October 1, 1987. Kaiser's contract to offer health benefits to North Carolina state employees became effective as of July 1, 1986.
2. After plaintiff's injury, he continued to receive medical treatment, including physical therapy for cervical strain. He was discharged by the physical therapist on June 28, 1985. His pharmacy bill for June 3, 1985, was approved by the Commission on August 5, 1985. The undersigned infer that all such bills were paid within a reasonable time after Commission approval and no later than the calendar year 1985. Plaintiff stated that he could not remember if he submitted any medical bills in 1985 or 1986. Dr. Beason had released plaintiff to return to work as of June of 1985, and plaintiff returned to work on June 5, 1985. His absences from work during his recovery period were covered by sick leave, and he received no compensation for temporary total disability as a result of his injury. On April 14, 1987, defendant filed a Form 28B stating that a total of $942.18 had been paid for plaintiff's medical bills and that plaintiff had used his sick leave from April 25, 1985 to June 5, 1985, when he returned to his former employment.
3. Mr. Vieregge testified at his Full Commission hearing that he has been in pain ever since his April 25, 1985 injury and that he had seen a number of doctors due to his neck pains. He testified that he is unable to do the type of heavy work that he used to do such as climbing, crawling, repairs, etc. . . He stated that upon returning to his job, he missed several days due to doctor's appointments.
Plaintiff submitted no bills for further medical treatment until about October in the fall of 1987. Plaintiff further stated that he was treated during 1986 injury by Dr. Richard Adelman, but that Dr. Adelman did not file any claims because his records on plaintiff were accidentally misplaced when he moved his practice at an indeterminate date. The first documented indication of treatment by Dr. Adelman was the October, 1987, note from Dr. Adelman. Defendant-employer closed its case on plaintiff's injury with execution of Commission Form 28B, April 14, 1987, showing that $942.18 in medical bills and expenses had been paid. The medical claims in the Commission file do not include any for medical treatment between April 25, 1985, and plaintiff's first visit to Dr. Beason May 13, 1985. The undersigned infer that included in the $942.18 were bills for treatment during that period. At least 12 months elapsed between the last payment of plaintiff's medical bills and the date on which he sought Commission review of his case.
4. North Carolina State University's Paula Barnes, the Worker's Compensation coordinator, stated that the first medical bill post-Form 28B was denied for a October 10, 1987 visit. This denial was done verbally, and according to Ms. Barnes, was due to the lack of causation. Plaintiff was first treated by Dr. Richard Adelman on October 19, 1987, for what was purported to be pain in the back and shoulder which began while carrying drinks on his back. The October 19, 1987 visit was verified by Dr. Richard Adelman by inquiry of October of 1994. Plaintiff's first medical bill post-Form 28B was on October 19, 1987.
5. On August 2, 1992, plaintiff was terminated by RIF (Reduction in Force). Kathy Lambert, the employment and salary person for the University, was aware that plaintiff was out on disability and knew of his eventual RIF. She worked with plaintiff to find him other employment post RIF. She stated that the RIF of plaintiff was necessary and further testified that plaintiff's work was being done in half the time (as plaintiff usually took) while plaintiff was gone due to his injury.
6. There has never been a Form 21 or form 26 or any other prior award by the Commission for the Payment of Compensation. Medical bills on Form 25M were approved August 5, 1985. There are medical records in the file from Capital Physical Therapy, the latest of which is dated June 28, 1985. There is a Rite Aid Pharmacy bill dated June 3, 1985, of $36.18, which was approved by the Industrial Commission on August 21, 1985. There is also Dr. Beason's Form 25M medical bill approved September 10, 1985.
7. On January 12, 1988, the Industrial Commission received first correspondence from the plaintiff by way of a Form 33 Request that the Claim be Assigned for Hearing. Plaintiff was still without counsel at the time of this filing as well as the first hearing. The Form 33 request asked for payment of medical expenses and treatment and permanent disability to the neck. The record clearly reflects that there is no Form 18 in the file constituting a claim by plaintiff and that the Form 33 was filed with the Commission more than two years after the date of the injury.
8. The case was heard before Deputy Commissioner Charles Markham on September 14, 1988. An Opinion was filed on August 14, 1989, in which he found and concluded that plaintiff's claim for permanent disability of the neck was barred by the one year statute of limitation contained in G.S. 97-47. Further, the Deputy found that, although plaintiff never filed a Form 18, defendant-employer had notice of the accident and thus was not prejudiced by failure to give notice on the Form 18 to the employer.
9. At the initial hearing before the Deputy Commissioner, as plaintiff was at that time unrepresented by counsel, judicial notice was taken of the documents in the Industrial Commission file so as to have a relatively complete record for decision. The documents have been marked as Commission Exhibits as follows:
Comm. Exh. 1: Industrial Commission Form 19, dated April 26, 1985, filed with the Commission July 25, 1985.
Comm. Exh. 2: Industrial Commission Form 25M, undated, signed by Cathy E. Busby, Physical Therapist, approved by the Commission August 5, 1985.
Comm. Exh. 3: Discharge Summary of Capital Physical Therapy, Inc., dated July 28, 1985, signed by Cathy Busby, Physical Therapist.
Comm. Exh. 4: Industrial Commission Form 25P, Itemized Statement of Charges for Drugs, approved by the Commission August 21, 1985.
Comm. Exh 5: Industrial Commission Form 25M, dated August 9, 1985, signed W.L. Beason, M.D./bs, approved by the Commission September 10, 1985.
Comm. Exh. 6: Industrial Commission Form 33, updated and unsigned, filed with the Commission January 12, 1988.
Comm. Exh. 7: Letter to the Industrial Commission from Dr. Richard D. Adelman, dated may 31, 1988.
Comm. Exh. 8: Industrial Commission Form 28B, dated April 14, 1987.
10. Defendant did not raise the 97-47 defense at time of hearing and did not plead it prior to hearing.
11. Plaintiff appealed the decision to the Full Commission, who, by Opinion and Award of December 11, 1990, affirmed Deputy Commissioner Markham's decision. Plaintiff was, by this time, was represented by Attorney Augustus S. Anderson of Raleigh, NC.
12. This matter was appealed by plaintiff to the North Carolina Court of Appeals. In Case Number 9110IC357, the North Carolina Court of Appeals vacated and remanded the Opinion and Award of the Industrial Commission in an Opinion filed March 17, 1992.
13. On remand, by Order of the Full Commission filed August 5, 1994, the December 11, 1990, Opinion and Award was VACATED in accordance with the Opinion of the North Carolina Court of Appeals. The Full Commission conducted a full evidentiary hearing on September 29, 1994, at which time the testimony of the plaintiff, Kathy Lambert, and Paula Barnes, was taken.
14. The issues, as defined by the North Carolina Court of Appeals, by plaintiff's initially submitted Form 44, and by the Industrial Commission, are as follows:
a. whether G.S. 97-47 is the applicable statutory section under the factual circumstances presented in this case.
b. whether, if G.S. 97-47 is applicable, defendant waived this affirmative defense by failing to plead it prior to hearing.
c. whether, if G.S. 97-47 is applicable, there is sufficient convincing evidence as to when final payment was made so as to determine when the statute begins to run.
d. on the Industrial Commission's own motion, as the issue of jurisdiction may be raised at any point, whether the Deputy Commissioner erred in failing to specifically determine whether G.S. 97-24 is the applicable section and acts as a time bar to the claim based upon the convincing evidence and any assertions of estoppel.
e. whether plaintiff is entitled to further relief under the Workers' Compensation Act for medical compensation, temporary total or temporary partial disability or permanent partial disability.
and
f. any and all other issues which may present before the Full Commission.
15. It was noted, and this Full Commission hearing was conducted in acknowledgment that the Court of Appeals, in its opinion, has already determined that the Deputy Commissioner improperly raised the question of G.S. 97-47 as a statute of limitations rather than a technical legal defense and erroneously put the burden on the plaintiff to prove that his claim was not barred by the one year "Statute of Limitations." Further, it was determined by the Court of Appeals that the Deputy Commissioner, by his omissions, must have been satisfied that plaintiff's claim was not barred by G.S.97-24's two year statute of limitations. Thus, the Full Commission is reviewing the Deputy Commissioner's decisions in light of these determinations.
16. Both parties in their opening statements of contentions before the Full Commission agreed that the 97-47 issue was never in contention and thus any issues before the Commission concerning a change of condition are moot as defendants are not raising a 97-47
defense even now (is not and has never been a contention of defendant) and as plaintiff contends that 97-47 does not apply (is not contending any change on condition). The parties acknowledged that the key issue to be determined at this time is the jurisdictional question as to G.S. 97-24. Plaintiff asserts that the Deputy was correct in his assessment that the employer suffered no prejudice and thus waived the right to claim (are equitably estopped from claiming) a 97-24 jurisdictional bar. Defendants have also asserted that, even if the Industrial Commission has jurisdiction over the matter, there is a lack of causation to support plaintiff's claim of permanent and total (or continuing temporary total) disability and medical bills as of August of 1992.
17. There is no credible or convincing evidence of record as to why plaintiff failed to file his claim with the Industrial Commission within two years from the date of the injury. Plaintiff clearly did not file his claim in any way with the Commission during this time.
18. There is no credible or convincing evidence of record to support any reasonable conclusion that plaintiff relied in any way on defendant or was presented with any representations or misrepresentations which could give rise to any claim of estoppel by plaintiff.
19. Whether or not defendant was prejudiced by the failure to file a Form 18 (notice) is irrelevant to the jurisdictional question, which can and must be raised by the Commission at any time that it comes to the Commission's attention. Deputy Commissioner Markham and later the Full Commission erred as a matter of law in failing to raise the G.S. 97-24 issue and in not clearly and correctly resolving it before proceeding with the decision.
* * * * * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. The issue of jurisdiction by the Industrial Commission may be raised at any time and by any party, including the Industrial Commission as it is the precedent to the Commission's right to hear any claim for benefits under the Workers' Compensation Act. G.S. 97-24(a) reads as follows: "The right to compensation under this Article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident." This limited jurisdiction for claims given by statute cannot be ignored and must be clearly addressed and resolved before any claim can proceed before the Commission. Without jurisdiction, the claim must be dismissed.
2. The filing of a claim may be accomplished by the filing of a simple letter to the Commission, the filing of a Form 18 by the employee, or the filing of a Form 33 with the Commission. The payment of medical bills alone does not equitably estop the jurisdictional defense from being pleaded.
3. While the doctrine or equitable estoppel is available for use in jurisdictional cases, the is no convincing evidence in this record that plaintiff was ever lulled, intentionally or otherwise, into believing that his worker's compensation claim was being taken care of by the defendant or that he did not have to file the claim with the Industrial Commission.
4. As plaintiff's claim was clearly filed outside of the two year period, the Industrial Commission is barred from adjudicating the claim, and the plaintiff's claim must accordingly be DISMISSED.
5. Whether or not defendants were prejudiced by the lack of a Form 18 is a moot point in that plaintiff's failure to ever file the claim is the overriding factor.
6. The G.S. 97-47 issue as addressed by the Deputy Commissioner is moot as neither party is claiming the applicability of G.S. 97-47.
* * * * * * * * * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law engender the following
ORDER
1. Due to lack of jurisdiction pursuant to G.S. 97-24, plaintiff claim for benefits under the Workers' Compensation Act must be, and the same is HEREBY DISMISSED.
2. Each side shall bear its own costs.
3. The case is HEREBY REMOVED from the Full Commission hearing docket.
This the ___________day of ___________________________, 1995.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
Concurring:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ RICHARD FORD DEPUTY COMMISSIONER